UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE E. BRADLEY,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>BRIAN KIBLER,<br><br>　　　　　Respondent. | No. 2:22-cv-0197 KJM DB P<br><br><br>ORDER |

　　　　Petitioner has requested the appointment of counsel. Petitioner argues that appointment of counsel is required where the issues are too complex for the petitioner. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A(a)(2) authorizes the appointment of counsel at any stage of a habeas case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. Complexity of the issues is just one factor to consider in determining whether the interests of justice require appointment of counsel. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

　　　　Petitioner fails to explain why he feels the issues in this case are too complex. This court finds that petitioner appears to have a sufficient grasp of his claims and the legal issues involved

and that he is able to articulate those claims adequately. The legal issues involved are not overly complex, and petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that petitioner's August 17, 2022, request for appointment of counsel (ECF No. 20) is denied without prejudice to a renewal of the motion at a later stage of the proceedings.

Dated: August 23, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/habeas/R/brad0197.110